STONE, J.
The former husband appeals an order on his supplemental petition for modification of child support and abatement of alimony, and on the former wife’s motion for contempt and enforcement of a final judgment of dissolution of marriage. Of the multiple issues raised, we reverse as to one.
The trial court was asked to resolve an issue arising out of the former husband’s pending bankruptcy proceeding concerning whether certain obligations were in the nature of support and, as such, not subject to discharge in bankruptcy. Before the trial court, the former wife sought enforcement of payment of a lump sum of $8,500.00 owed to the former wife and an outstanding medical bill balance of $721.00 owed directly to the doctor. Under the parties’ marital settlement agreement, these sums are due. The settlement agreement, in relevant part, provides:
VI. K. Wife shall receive $11,000 in consideration for waiving any interest in Husband’s accounts, future earnings and real property. The parties’ 1999 and 2000 tax refund in the amount of $5,000.00 shall be paid directly to the Wife and $2,500.00 of that sum shall be used as a set-off against the $11,000.00 property settlement sum. The remaining $8,500.00 shall be paid directly to the Wife within six (6) months of the Final Judgment.
* * *
VI. I. Additionally, Husband shall assume the remaining balance of the medical bills for Kendra Gross as of October 4, 2001, which sum shall not exceed $1,000.00.
The former wife receives child support and alimony by separate provisions in the agreement.
The trial court found that the lump sum payment of $8,500.00 owed to the former wife and the payment of the outstanding medical bill of $721.00 owed to the doctor were in the nature of “support.”
Generally, the division of marital assets and debts is not in the nature of support. See, e.g., De Lapouyade v. De Lapouyade, 711 So.2d 1202 (Fla. 2d DCA 1998). The former wife testified concerning the $8,500.00 lump sum payment obligation that when “Mike got his money, I was going to get mine,” and later asserted, “We were dividing our money. He got his money, I was to get mine.” There was no evidence that either of the outstanding lump sum obligations are in the nature of support. In the settlement agreement, both obligations are distributed as part of their equitable distribution.
We conclude that the record does not support the trial court’s finding as to the $8,500 and $721.00 obligations and reverse. In all other respects, the final judgment on the petition for modification and for enforcement of the amended final judgment is affirmed, except that we have not considered any issue as to liability for attorney’s fees, which may be raised again in any appeal subsequent to a trial court *1264 award of fees. We remand for modification accordingly.
WARNER and STEVENSON, JJ., concur.